**SULAIMAN LAW GROUP, LTD**
Alexander J. Taylor (State Bar No. 332334)
2500 S. Highland Avenue
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS N. CLARK, <br><br> Plaintiff, <br><br> v. <br><br> UNITED DEBT SETTLEMENT, LLC, <br><br> Defendant. | Case No. 5:24-cv-01298 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. §1679 ET SEQ.;** <br><br> **2. VIOLATION OF THE CALIFORNIA CREDIT SERVICES ORGANIZATIONS ACT OF 1984, CAL. CIV. CODE §1789.10 ET SEQ.** <br><br> **3. VIOLATIONS OF THE CALIFORNIA FAIR DEBT SETTLEMENT PROCEDURE ACT, CAL. CIV. CODE § 1788.300 *et seq.*;** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes ALEXIS N. CLARK ("Plaintiff"), by and through the undersigned, complaining as to the conduct of UNITED DEBT SETTLEMENT, LLC ("Defendant") as follows:

1

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* the California Credit Services Organizations Act of 1984 ("CCSOA") pursuant to Cal. Civ. Code §1789.10 *et seq.,* and the California Fair Debt Settlement Practices Act ("CFDSPA") under Cal. Civ. Code § 1788.300 *et seq.* for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. § 153(39), over 18 years of age, residing in Riverside, California, which lies within the Central District of California.

5. Defendant is a credit repair organization and debt settlement provider whose offered services involve seeking to reduce the debt load for consumers, which in turn

2

is designed to improve such consumers' credit. Defendant is a limited liability company organized under the laws of the state of New York with its principal place of business located at 240 West 37th Street, Suite 400, New York, New York 10018.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. In approximately November of 2022, Plaintiff was wanting to address various debts that she had accumulated and which were impacting her credit situation, and so began searching for credit repair and debt consolidation programs to assist in her efforts.

9. Plaintiff subsequently came upon Defendant.

10. Defendant represented that through its services, Plaintiff would make certain monthly payments to it depending on the nature of the enrolled debts, and that Defendant would use such payments to enter into negotiations with Plaintiff's creditors to resolve the enrolled debts for substantially less than the balance owed.

11. Defendant further represented that by successfully completing its program, Plaintiff's credit score would ultimately improve and be in a better position than had Plaintiff not used Defendant's services since debts that would be otherwise unresolved would be resolved and thus no longer impact Plaintiff's creditworthiness.

12. Defendant further represented that Plaintiff would save approximately half of what she'd otherwise pay in connection with enrolled obligations that were settled by Defendant.

13. Finding Defendant's representations regarding the nature of its services desirable, Plaintiff entered into a contract with Defendant for the provision of services.

14. Upon information and belief, Defendant's contracting processes do not allow consumers to view the entirety of the terms to which they are agreeing when such consumers sign, and Defendant glosses over key terms while simultaneously completely failing to explain others or otherwise misrepresenting what consumers are signing.

15. Upon further information and belief, Defendant crammed various additional services into its contract with Plaintiff without sufficient or complete disclosure of what Plaintiff was agreeing to, and further misrepresented and obfuscated the nature of the fees it would assess and the hidden charges to which Plaintiff would be subjected.

16. At the time Plaintiff signed up with Defendant, Plaintiff was current on her obligations to her creditors; however, Defendant informed her to cease paying her creditors to pay for Defendant's services who would then make payments to Plaintiff's creditors.

Case 5:24-cv-01298-SSS-SHK   Document 1   Filed 06/21/24   Page 5 of 17   Page ID #:5

17. Prior to Plaintiff signing up with Defendant, Defendant failed to disclose to Plaintiff that its services would require Plaintiff's obligations to go into default before Defendant could attempt to settle those obligations.

18. Plaintiff began making her monthly payments of approximately $1,400.00 per month.

19. Plaintiff persisted in making her payments for approximately a year.

20. While Plaintiff was led to believe the majority of these payments would go towards resolving her enrolled obligations, instead Plaintiff's payments were largely going towards Defendant's fees.

21. Of the $10,000.00 Plaintiff paid to Defendant over the course of the parties' dealings, over 70% of her payments went towards Defendant's fees, rather than being applied to her debts as represented by Defendant initially.

22. Furthermore, throughout the entirety of Defendant's program, Plaintiff was subjected to a number of hidden charges and fees that were not adequately and completely disclosed by Defendant.

23. Upon information and belief, Defendant either or directly or indirectly benefits from such hidden fees, including the fees charged by the provider of Plaintiff's dedicated account as well as the fees Defendant assessed for services that were crammed into its own services.

24. Defendant's conduct in this regard is emblematic of an overarching fraudulent and deceptive course of conduct whereby Defendant provides consumers deflated

5

and misleading estimates as to the true cost of its services and savings it will deliver to consumers so as to induce consumer assent to its terms, illustrating the classic bait and switch nature of Defendant's conduct.

25. Throughout the life of Plaintiff's dealings with Defendant, Defendant persistently charged Plaintiff fees and service charges for services that were not fully performed, which in turn depleted the pot from which Plaintiff's obligations would be settled and paid down, in turn increasing the amount of payments Plaintiff would have to make to achieve the results Defendant originally represented as being deliverable by using Defendant's services.

26. For example, a portion of Plaintiff's monthly payments were going towards Defendant's "United Protection Plan" despite such services not being necessary for or utilized by Plaintiff throughout the timeframe she was charged.

27. Frustrated and dismayed by the lack of results and significantly worsened financial position she found herself in as a result of Defendant's conduct, Plaintiff cancelled her agreement with Defendant.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary harm, denial of the benefit of her bargain, making payments for deficient credit repair services, relying upon Defendant's representations to her detriment, being subjected to improper fees, as well as a violation of her state and federally

protected interests – interests which were harmed and put at a material risk of harm as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

29. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

31. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

**a. Violations of CROA § 1679b(a)**

32. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

7

33. Defendant violated the above referenced provisions of the CROA through its misleading and deceptive conduct in cramming useless and undisclosed services into the services provided to Plaintiff. Plaintiff had portions of her monthly fees diverted to a program whereby Defendant recoups fees directly for services not being provided or which are otherwise useless to consumers and which consumers have crammed into their services absent complete and adequate disclosure. Defendant engages in this conduct to pilfer the monthly payments being made by consumers which should otherwise go towards resolving enrolled obligations and further does so in an effort for guaranteed income regardless of whether it actually delivers any results to consumers.

34. Defendant further violated the above referenced provisions of the CROA through its deceptive and misleading representations regarding where Plaintiff's payments were going. Plaintiff was led to believe that her payments would be going towards resolving her enrolled obligations; however, Defendant instead pocketed a significant portion for its own fees in a manner that was not adequately or completely explained to Plaintiff prior to signing up.

35. Defendant further violated the above provisions of the CROA through the deceptive and misleading way in which it has consumers sign up for its services. Defendant does not adequately and completely explain the contractual terms to which consumers are agreeing when signing up with Defendant. Instead, Defendant misrepresents its terms through oral language and then has consumers sign a contract

containing a merger and integration clause which seeks to remove the representations Defendant makes regarding its services from the parameters of the services at issue, despite those representations running contrary to the way in which the services were represented orally.

36. Defendant further violated the above referenced provisions of the CROA through its deceptive and misleading suggestion that it would be in Plaintiff's best interest to cease paying her creditors and to instead divert those payments to Defendant for its services. Defendant fails to adequately and completely explain this aspect of its services, or the likely fallout therefrom, when inducing consumers to sign up for its services.

### b. Violations of CROA § 1679b(b)

37. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

38. Defendant violated § 1679b(b) through its charging and receiving of money for services it agreed to perform for Plaintiff before such services were fully performed. Defendant charged Plaintiff for its services prior to the complete performance thereof, and further received payment for services that were not being provided nor fully performed through its cramming of other services into its own services.

### c. Violation of CROA § 1679c

39. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

40. Defendant violated 15 U.S.C. § 1679c through its failure to provide the written disclosures required under § 1679c. Defendant never provided such disclosures, nor did it provide a separate document containing such disclosures.

### d. Violation of CROA § 1679d

41. The CROA, pursuant to 15 U.S.C. § 1679d, outlines the various contractual requirements for credit repair contracts, further requiring that no services are to be provided prior to entering an agreement that complies with the CROA.

42. Defendant violated 15 U.S.C. § 1679d through its failure to contain the requisite information in its contract with Plaintiff.

43. As a result of Defendant's deficient contract, the contract should be deemed void and unenforceable. 15 U.S.C. § 1679f(c).

### e. Violation of CROA § 1679f(b)

44. The CROA, pursuant to 15 U.S.C. § 1679f(b) provides that, "[a]ny attempt by any person to obtain a waiver from any consumer of any protection provided by or any right of the consumer under [the CROA] shall be treated as a violation of [the CROA]."

45. Defendant violated 15 U.S.C. § 1679f(b) through its attempt to obtain Plaintiff's waiver of the protections afforded him under the CROA. In the contract between the parties, Defendant attempts to get Plaintiff to waive a number of rights and protections afforded under the CROA.

46. The CROA further dictates that any contract found not to be in compliance with the CROA "shall be treated as void" and "may not be enforced by any Federal or State court or any other person." 15 U.S.C. § 1679f(c).

WHEREFORE, Plaintiff, ALEXIS N. CLARK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE CALIFORNIA CREDIT SERVICES ORGANIZATION ACT OF 1984

47. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

48. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1789.12(c).

49. Defendant is a "credit services organization" as defined by Cal. Civ. Code § 1789.12(a).

### a. Violation of CCSOA § 1789.13

50. The CCSOA, pursuant to Cal. Civ. Code § 1789.13, provides a list of prohibited conduct for credit services organizations.

51. Pursuant to § 1789.13(a), a credit services organization cannot "charge or receive any money or other valuable consideration prior to full and complete performance of the services the credit services organization has agreed to perform for or on behalf of the buyer."

52. Defendant violated § 1789.13(a) when it charged and received money from Plaintiff without fully completing the services. As alluded to *supra.,* Defendant improperly retained Plaintiff's payments without first fully performing the services justifying such retained payments.

53. Pursuant to § 1789.13(g), credit services organization cannot "[m]ake or use untrue or misleading representations in the offer or sale of the services of a credit services organization." Similarly, pursuant to § 1789.13(h), a credit services

organization cannot "[e]ngage, directly or indirectly, in an act, practice, or course of business that operates or would operate as a fraud or deception upon a person in connection with the offer or sale of the services of a credit service organization."

54. Defendant violated §§ 1789.13(g)&(h) through its deceptive and misleading representations regarding the nature, cost, and efficacy of its services, as discussed *supra*.

### b. Violations of CCSOA §§ 1789.14-1789.15

55. The CCSOA, pursuant to Cal. Civ. Code § 1789.15, provides the extent of information that must be provided to a buyer by a credit services organization under § 1789.14.

56. Defendant violated these provisions of the CCSOA by failing to provide Plaintiff such disclosures and similarly failing to provide Plaintiff a copy of the disclosures.

### c. Violations of CCSOA § 1789.16(a)

57. The CCSOA, much like the CROA, requires credit services organizations to include a conspicuous statement regarding a consumer's right to cancel a contract. *See* Cal. Civ. Code § 1789.16(a)(1).

58. Defendant violated § 1789.16(a)(1) by failing to provide the required disclosure in the proper location in its contract with Plaintiff.

WHEREFORE, Plaintiff, ALEXIS N. CLARK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Cal. Civ. Code § 1789.21(a);

c. Awarding Plaintiff punitive damages pursuant to Cal. Civ. Code § 1789.21(a);

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Cal. Civ. Code § 1789.21(a); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE CALIFORNIA FAIR DEBT SETTLEMENT PRACTICES ACT

59. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

60. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.301(d).

61. Defendant is a "debt settlement provider" as defined by Cal. Civ. Code § 1788.301(a).

**a. Violation of CFDSPA § 1788.302**

**i. Violations of § 1788.302(a)**

62. The CFDSPA, pursuant to Cal. Civ. Code § 1788.302(a), provides that "[a] debt settlement provider shall not engage in false, deceptive, or misleading acts or practices when providing debt settlement services." Further, "without limiting the general applicability of the foregoing," conduct violates § 1788.302(a) if it includes "[o]mitting any material information." Cal Civ. Code § 1788.302(a)(3).

14

63. Defendant violated § 1788.302(a) of the CFDSPA in much the same way it violated the CROA and CCSOA's prohibitions on deceptive and misleading conduct.

64. Defendant further violated Cal. Civ. Code § 1788.302(a)(3) when it omitted material information regarding the nature and impact of its services as well as the services that were going to be included in its program.

### ii. Violations of § 1788.302(b)

65. The CFDSPA, pursuant to Cal. Civ. Code § 1788.302(b)(1), outlines various disclosures that must be provided at least three business days prior to the execution of a debt settlement contract.

66. Defendant violated Cal. Civ. Code § 1788.302(b)(1) through its failure to provide the disclosures required by the CFDSPA in the manner required by the CFDSPA.

67. Pursuant to Cal. Civ. Code § 1788.302(b)(2), the contract between a consumer and buyer must contain certain required language and information.

68. Defendant violated Cal. Civ. Code § 1788.302(b)(2) through its failure to include the required information and statements in the contract entered into with Plaintiff. Defendant further requires consumers to use its preferred payment vendor without any alternative or avenue for consumers to seek an alternative provider of dedicated accounts.

### iii. Violations of § 1788.302(c)

69. The CFDSPA, pursuant to Cal. Civ. Code § 1788.302(c), provides that "[a] debt settlement provider . . . shall not engage in unfair, abusive, or deceptive acts or practices when providing debt settlement services . . . ."

70. Defendant violated § 1788.302(c) through its engaging in unfair, abusive, and deceptive acts through its provision of services to Plaintiff as discussed *supra*.

71. Pursuant to § 1788.302(c)(5), it is a violation of the above general prohibition for a debt settlement provider to fail to provide a monthly statement of accounting to consumers.

72. Defendant violated § 1788.302(c)(5) through its failure to provide this information to Plaintiff, including in writing after Plaintiff made numerous requests for this information.

### iv.   Violations of § 1788.302(d)

73. Pursuant to § 1788.302(d)(3), a provider must provide certain pieces of information after a consumer cancels a contract for services.

74. Defendant violated § 1788.302(d)(3) through its failure to engage in the required actions following Plaintiff's cancellation of her agreement with Defendant.

WHEREFORE, Plaintiff, ALEXIS N. CLARK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Cal. Civ. Code § 1788.305(b)(1)(B);

c. Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.305(b)(1)(A), of $5,000.00 per violation of this title;

d. Awarding Plaintiff punitive damages pursuant to Cal. Civ. Code § 1788.305(b)(3);

e. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Cal. Civ. Code § 1789.21(a); and,

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 21, 2024                    Respectfully submitted,

By: */s/ Alexander J. Taylor*
Alexander J. Taylor (Bar No. 332334)
**SULAIMAN LAW GROUP, LTD**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Email: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*